IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WAYNE OLIVER | : | |
| | : | |
| v. | : | Civil No. CCB-16-1057 |
| | : | |
| CAMPBELL MCCORMICK, INC. | : | |
| | : | |

## MEMORANDUM

Wayne Oliver sued Campbell-McCormick, Inc. ("Campbell-McCormick"), MCIC, Inc., and the Walter E. Campbell Company in Circuit Court for Baltimore City, alleging that exposure to asbestos in the defendants' products caused his mesothelioma. General Electric Company ("GE"), a third-party defendant in the Circuit Court, removed the case to federal court. Now pending is Oliver's motion to sever and remand all non-third party claims, and Campbell-McCormick's motion requesting that the court reconsider staying the proceedings. The issues in this case have been fully briefed, and no hearing is necessary. *See* Local R. 105.6 (D. Md. 2016). For the reasons that follow, Oliver's motion to sever and remand will be granted, and Campbell-McCormick's motion to reconsider will be granted in part and denied as moot in part.

## BACKGROUND

Oliver worked as a pipefitter's and drafting apprentice at Fore River Shipyard in Quincy, Massachusetts from 1967 to 1970. (Compl. ¶ 3, ECF No. 2.) He then worked as a piping systems field engineer at Calvert Cliffs Power Generating Station in Lusby, Maryland from approximately 1972 to 1978. (*Id.*) Oliver was diagnosed with mesothelioma in the spring of 2015, which he alleges was caused by exposure to the defendants' products that contained asbestos. (*Id.* ¶¶ 7, 12, 18; *id.* p. 7, Additional Information.)

In August 2015, Oliver sued twenty-seven defendants, including GE, in Massachusetts

state court, alleging that he was exposed to the defendants' "asbestos-containing materials" while working in Massachusetts and Maryland. (Notice of Removal Ex. A, Mass. Compl. ¶ 4, ECF No. 1-2.) That case was removed to the United States District Court for the District of Massachusetts on October 1, 2015. (Notice of Removal ¶ 2, ECF No. 1.) In December 2015, Oliver brought a separate lawsuit in Circuit Court for Baltimore City, alleging that, while working in Maryland, he "used, worked with and/or was exposed to asbestos products that were manufactured, supplied and/or installed" by the three defendants in this case. (Compl. ¶ 3.) On March 14, 2016, Campbell-McCormick moved to stay the Maryland proceedings until the Massachusetts case concluded or, in the alternative, to modify the pretrial schedule, (Campbell-McCormick Mot. Stay, ECF No. 15), which Oliver opposed, (Resp. Opp'n Stay, ECF No. 17). On March 23, 2016, Campbell-McCormick brought a third-party complaint against several companies, including GE, pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-1401, et seq., the Maryland Uniform Contribution Among Joint Tort-Feasors Act ("MUCAJTA"). (Campbell-McCormick Third-Party Compl. ¶ 6, ECF No. 16; *see also* Campbell-McCormick Cross-Claim, ECF No. 25.) On April 8, 2016, GE invoked the government contractor defense to tort liability and removed the case to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (Notice of Removal ¶¶ 6, 10-14.) Several other third-party defendants joined in GE's request for removal based on the federal contractor defense. (*See* ECF Nos. 43, 47, 49, 69.)

On May 19, 2016, Oliver filed a motion to sever and remand all non-third party claims. (Mot. Sever and Remand, ECF No. 63.) Oliver argues that this court should decline to exercise supplemental jurisdiction over his state law claims because that jurisdiction "is premised entirely on Campbell McCormick's third party contribution claims against the removing defendants." (*Id.* ¶ 10.) Campbell-McCormick and several third-party defendants, including GE, filed responses in

opposition. (*See* ECF Nos. 73-76, 78-80.) Oliver replied. (Reply, ECF No. 87.)

On June 7, 2016, I denied Campbell-McCormick's request to stay the proceedings but granted the alternative modification of the pretrial schedule. (Order Mot. Stay, ECF No. 81.) On June 9, 2016, Campbell-McCormick filed a motion to reconsider the stay denial, (Mot. Recons., ECF No. 82), to which Oliver filed a response in opposition, (Mot. Recons. Resp. Opp'n, ECF No. 98), and Campbell-McCormick replied, (Mot Recons. Reply, ECF No. 103).

**ANALYSIS**

I.  Thirty-day filing deadline in 28 U.S.C. § 1447(c)

Campbell-McCormick and the third-party defendants argue that Oliver's request for remand is untimely because it was not made within the thirty-day filing deadline required by 28 U.S.C. § 1447(c). The court agrees with Oliver that his request for severance and remand was made pursuant to 28 U.S.C. § 1367, (*see* Mot. Sever and Remand Mem. Law 2, 4, ECF No. 63-1), which does not contain a time limit. In *Hinson v. Norwest Fin. S.C., Inc.*, the Fourth Circuit considered a case in which the plaintiffs filed a motion to remand under Section 1367(c), arguing, as Oliver does here, that state law predominated. *See* 239 F.3d 611, 614 (4th Cir. 2001). The defendant argued that the motion to remand was untimely under Section 1447(c) because it was made more than thirty days after the filing of the notice of removal. *Id.* The Fourth Circuit rejected that argument, and held that Section 1447(c) was not applicable because "the parties [did] not assert any defect in the removal process." *Id.* at 616; *see also* 28 U.S.C. § 1447(c) ("A motion to remand the case *on the basis of any defect* other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." (emphasis added)). Here, no party contends there was a defect in the removal process. Instead, Oliver is invoking the court's discretionary remand power, which is "inherent in the statutory

authorization to decline supplemental jurisdiction under § 1367(c)." *Hinson*, 239 F.3d at 617. Accordingly, the thirty-day filing deadline in Section 1447(c) is not a bar to Oliver's motion to sever and remand.

II.     Motion to sever and remand

Oliver does not appear to contest the removal,[1] or that this court has supplemental jurisdiction over Oliver's state law claims. (*See* Mot. Sever and Remand Mem. Law 1-2, 3-5.) Instead, Oliver argues that the court should decline to exercise its supplemental jurisdiction by severing and remanding all non-third party claims because the state law claims predominate over the federal ones. (*Id.* at 2, 4-7.)

A court's discretion to decline to exercise its supplemental jurisdiction is circumscribed by 28 U.S.C. § 1367(c). According to the statute, a declination is permitted only when (1) the claim over which the court has supplemental jurisdiction "raises a novel or complex issue of State law," (2) the claim "substantially predominates over" the claim over which the court has original or removal jurisdiction, (3) the court has dismissed all claims over which it has original or removal jurisdiction, or (4) there are "exceptional circumstances" and "compelling reasons." 28 U.S.C. § 1367(c). And the court's discretion is further circumscribed by case law: after determining that one or more of these statutory factors would be satisfied, "the federal court should consider 'principles of economy, convenience, fairness, and comity' and whether the efforts of a party in seeking remand amount to a 'manipulative tactic.'" *Hinson*, 239 F.3d at 617 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

Severance and remand is appropriate here because the state law claims substantially predominate over the federal contractor defense that gives this court original jurisdiction. As

---

[1] Oliver, while acknowledging that removal was timely, has preserved the right to contest the merits of the government contractor defense asserted by the third-party defendants. (*See* Mot. Sever and Remand Mem. Law 7 n.2.)

4

Oliver points out, I found severance to be appropriate in a similar case where all of the plaintiff's claims were based on state law and a defendant asserted a federal defense. *See Joyner v. A.C. & R. Insulation Co.*, 2013 WL 877125, at *10 (D. Md. March 7, 2013), *aff'd sub nom. Wood v. Crane Co.*, 764 F.3d 316 (4th Cir. 2014); *see also Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 702 (S.D. Tex. 2002). Here, Oliver's claims, and the defendants' third-party claims for contribution, are based entirely on state law. (*See* Compl. ¶¶ 2-19; Campbell-McCormick Third-Party Compl. ¶¶ 4, 6, 8.) Further, none of the defendants requested removal; only third-party defendants—against whom the plaintiff has not asserted any claims—did.[2] As the plaintiff points out, the federal contractor defense, the one claim that provides this court with original jurisdiction, would become relevant only if the defendants are found to be liable for Oliver's *state law* causes of action. *See Haupt v. State*, 667 A.2d 179, 186 (Md. 1995) ("[A] claim for indemnification or contribution does not accrue until judgment has been entered against the party seeking indemnification or contribution."). Several courts have relied on similar procedural postures to justify remand. *See Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1331 (E.D. La. 1994) ("Many of the [third-party claims] may become moot . . . [because] if the plaintiffs lose in the state court trial against the defendants in the main demand, the third-party demand shall naturally fall."); *Brown v. Ky. Utils. Co.*, 2015 WL 6476096, at *2 (W.D. Ky. Oct. 26, 2015) ("Plaintiffs' original claims against Defendants can proceed to trial, and [the defendant's] claims against [the third-party defendant] are necessarily premised upon [the defendant] having any liability to Plaintiffs for their injuries.").[3] In *Crocker*, for example, another federal district court severed and remanded the "main demands," which were based on state law, from a "third-party demand,"

---

[2] Campbell-McCormick notes that the plaintiff in *Joyner* specifically disclaimed any federal cause of action. *See Joyner*, 2013 WL 877125, at *1. As this court has already noted, however, and as the plaintiff has pointed out, Oliver has not brought any federal claims against the defendants or third-party defendants.

[3] Unpublished opinions are cited for the soundness of their reasoning, not for any precedential value.

which was based on the federal officer removal statute and similarly constituted the only federal claim in the case, in part because "[c]learly state claims substantially predominate over the lone federal claim." 852 F. Supp. at 1330. This court, too, finds that the state law claims predominate over the federal contractor defense, the only claim over which the court has original jurisdiction.

The case law factors also support severance and remand. As I noted in *Joyner*, "[t]his court must respect Maryland's prerogative to apply its own laws, as well as [the plaintiff's] desire to litigate issues of Maryland law in the Maryland state courts." 2013 WL 877125, at *10. Furthermore, in this case, Oliver apparently has a pending trial date scheduled to begin several months from now.[4] *See Madden*, 205 F. Supp. 2d at 702 (Noting, as a "compelling reason[]" in favor of remand, that the plaintiff's "state court trial setting [wa]s less than eight weeks away."); *Crocker*, 852 F. Supp. at 1329 (Listing as important to the remand inquiry the fact that the plaintiffs "have trial dates pending in state court in about one month."). In contrast, as of March 28, 2016, no trial date had been scheduled in the Massachusetts case. (*See* Opp'n Mot. Stay 2, 5, ECF No. 17.) Oliver's treating physician doubts that his patient will survive beyond the end of 2016 and notes that, if he does, he will suffer from a greatly reduced quality of life. (Reply Ex. A, Rabin Decl. ¶ 5, ECF No. 87-1.) The court may consider Oliver's prognosis when determining whether remand would further principles of fairness and convenience. *See Genusa v. Asbestos Corp.*, 18 F. Supp. 3d 773, 789 (M.D. La. 2014) (Adopting the magistrate judge's report, which considered, in recommending that the district court grant the plaintiff's motion to sever and remand, that "[the plaintiff] suffers from malignant mesothelioma and would like to proceed with trial in state court, his chosen forum.").

The parties opposing remand make much of the fact that parallel litigation is ongoing in

---

[4] Oliver has represented that the October 6, 2016, trial date is still valid. (*See* Reply 4 & n.4.) Campbell-McCormick alleges that no trial date is in place in the state court case. (Mot. Recons. Reply 3-4.) Either way, Oliver is more likely to have his day in court before his health significantly declines if the case is remanded.

Massachusetts. The defendants in this case, however, would not be subject to the personal jurisdiction of that court. (*See* Mot. Sever and Remand Mem. Law 2.) Campbell-McCormick also argues that severing and remanding the case would "cause Campbell-McCormick to lose the ability to pursue claims for contribution" against the third-party defendants, (Campbell-McCormick Resp. Opp'n Mem. Law 12, ECF No. 73-1), and the third-party defendants make a similar argument that preventing them from participating in the direct action would unfairly prejudice them, (Atwood & Morrill Co. Resp. Opp'n 6-7, ECF No. 74), and require them to be "'stuck' with the amount of a state court judgment . . . against Campbell-McCormick," (Aurora Pump Co. Resp. Opp'n 3, ECF No. 75). As Oliver points out, however, these arguments are misleading. Maryland's highest court has made clear that defendants are allowed to bring contribution claims in separate actions and noted, in particular, that the MUCAJTA does not require otherwise. *See Mercy Med. Ctr. v. Julian*, 56 A.3d 147, 163 (Md. 2012) ("[T]here is no expression in Section 3-1405, or any other provision of the Act, that a cross-claim for contribution must be asserted in the original action."). It stands to reason, therefore, that if Campbell-McCormick could sue the third-party defendants after a judgment was entered in the main action, then Campbell-McCormick and the third-party defendants cannot argue that they will be prejudiced by this court's decision to sever and remand all but the third-party claims. And unlike in *Joyner*, there is no potential of bifurcating claims against one party between state and federal court, as the only claims pending against the third-party defendants are the contribution claims. *See* 2013 WL 877125, at *10. Finally, third-party defendant Crane Company ("Crane") proposes that this court transfer the action to the United States District Court for the District of Massachusetts in order to avoid the multiple-forum litigation concerns. (*See* Crane Resp. Opp'n 2, ECF No. 79.) As Crane points out, however, the defendants, over whom the Massachusetts

7

Case 1:16-cv-01057-CCB   Document 105   Filed 07/18/16   Page 8 of 8

court has no personal jurisdiction, would need to consent to a transfer of the entire action. (*Id.* at 3.) No motion to transfer, let alone consent by all parties to transfer the case, is pending before this court. Accordingly, the court will decline to adopt Crane's suggestion.

In conclusion, considering the Section 1367(c) factors and "principles of economy, convenience, fairness, and comity," the court will not exercise its supplemental jurisdiction over the non-third party claims. Oliver's motion to sever and remand will be granted.

III.   Motion to reconsider stay of proceedings

Given that the court will grant Oliver's motion to sever and remand the non-third party claims, the motion to reconsider staying that portion of the proceedings will be denied as moot. The court, however, will grant the motion to reconsider the stay with regard to the third-party claims over which the court will retain jurisdiction.

## CONCLUSION

For the reasons stated above, the court will grant Oliver's motion to sever and remand all non-third party claims. It will grant in part and deny as moot in part Campbell-McCormick's motion to reconsider. A separate order follows.

  July 18, 2016                                      /S/
Date                                            Catherine Blake
                                                United States District Judge

8